**Elizabeth L. Lien DAVIS, Plaintiff and Appellee,**

v.

**Daniel E. DAVIS, Defendant and Appellant.**

**Nos. 17702, 17710.**

Supreme Court of South Dakota.

Considered on Briefs April 22, 1992.

Decided Aug. 12, 1992.

Mark F. Marshall of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellee.

Charles J. Mickel, Rapid City, for defendant and appellant.

AMUNDSON, Justice.

Daniel Davis (husband) appeals from trial court's entry of an amended decree of divorce from Elizabeth Lien Davis (wife). We affirm.

### FACTS

Husband and wife were divorced in April, 1991. Their primary marital asset subject to division was a contract for deed (hereinafter "contract") on real property located in Keystone, South Dakota. Husband had given the Keystone property to wife early in their marriage. Wife subsequently sold the property to William Durst through the contract. At the time of the divorce, about $139,918 remained in unpaid principal on the contract.

The trial court's bench decision divided the marital property and found there was a

marital debt of $52,500 owed to wife's father, Charles Lien (Lien). Thus, out of the $139,918 principal remaining to be paid on the contract, trial court awarded $52,500 to Lien which left a remaining balance of approximately $87,418. Trial court determined this amount should split with seventy percent going to husband and thirty percent to wife. Trial court then suggested that a major portion of the yearly payment on the contract be used as follows:

> The practicalities of it, however, are difficult to perpetuate in that payments appear to come in on a $25,000 per year payoff and, however the parties want to work it out either through the accountant or with each other for tax purposes, I would envision that a major portion perhaps somewhere in the sum of $10,000 of the payments would be dedicated to the retirement of the debt to Mr. Lien, and whatever remaining balance be split on the 70–30 percentage, but I have no objection within the framework of the values that I have assigned to the parties working with an accountant or being as creative as they wish in making that distribution.

After this preliminary division, the parties waived findings of fact and conclusions of law, and the trial court signed and filed a decree of divorce in accord with its bench decision. No notice of entry of the decree was given however and, accordingly, the time to file an appeal from trial court's decision did not begin to run. SDCL 15–26A–6.

Wife's father subsequently assigned his interest in the payments due to him under the contract to wife. Since the parties were unable to be creative on the somewhat open-ended trial court award, wife filed a motion requesting clarification of the property division in light of her father's assignment to her. On July 24, 1991, trial court held the hearing and called for proposed findings of fact and conclusions of law. On this same date, husband assigned all of his interest in the contract proceeds, as well as the rest of his interest in his

marital estate, to his mother for a nominal consideration. The record does not reflect whether husband made the assignment known to the trial court.

Trial court adopted wife's proposed findings of fact and conclusions of law on September 19, 1991. Husband gave notice of entry of the amended decree of divorce on September 30, 1991. Before trial court entered its findings and conclusions, wife moved to reopen the evidence and proposed additional findings and conclusions, so husband's assignment to his mother would be part of the record. Trial court denied wife's motion to reopen the evidence. Husband appeals from the amended decree of divorce, and wife's notice of review stems from trial court's order denying her motion to reopen the evidence.

### ISSUES

(1) Whether trial court abused its discretion in its division of husband and wife's interest in the Keystone contract?

(2) Whether trial court abused its discretion by denying wife's motion to reopen the evidence to show husband had divested himself of all of his interest in the Keystone property?

### 1. *Property Division*

This court will not disturb a division of property unless it clearly appears the trial court abused its discretion. *Kanta v. Kanta,* 479 N.W.2d 505 (S.D.1991); *Johnson v. Johnson,* 471 N.W.2d 156 (S.D. 1991). Husband argues that trial court abused its discretion when it clarified the original divorce decree, because it changed the monetary amount which he would have received. Wife argues that the only change occurred because her father assigned his awarded interest in the contract proceeds to her, and husband's award did not change from trial court's original order.

The trial court's original bench decision, *did not specifically address any division of interest,*[1] and is as follows:

---

**1.** The record reflects that the contract for deed provided for interest to be paid at a rate of ten

percent over a period of eight years. The record further reflects that the parties stipulated

| | |
|---|---|
| Outstanding principal balance on contract | $139,918.11 |
| Amount owed to Lien | |
| (reflects 37.5% of principal balance) | 52,500.00 |
| | $ 87,418.11 |
| Amount to Husband | |
| (reflects 43.7% of principal balance) | $ 61,192.68 |
| | (70% to husband) |
| Amount to wife | |
| (reflects 18.7% of principal balance) | $ 26,225.43 |
| | (30% to wife) |

---

The trial court clarified its original decision by assigning Lien's 37.5% of the total outstanding balance to wife, giving her 18.7% + 37.5% for a total of 56.2%. The amended judgment provided for the division of the unpaid principal and interest to accrue over the remaining eight years of annual payments under the contract, with the total outstanding balance now accurately reflecting both. This final award is as follows:

| | |
|---|---|
| Outstanding balance on contract (interest included) | $240,391.00 |
| (Reflects 43.7% of total to husband) | 104,983.06 |
| (Reflects 56.2% of total to wife)[2] | 135,087.94 |

---

Thus, under the original open-ended decision, and the final property division, husband received 43.7% of the total amount owed. While the original trial court decision did not account for interest, it is clear from the record that trial court intended husband to have 43.7% of the outstanding balance, whether it was the balance without interest or the balance with interest. It is also clear that none of the parties ever expected an immediate lump sum payment on the contract, and everyone knew interest would be paid under the contract.[3]

■ It is true that in divorce actions, each party's right to their respective property is irrevocably fixed by terms of the divorce decree and cannot be later modified by court order. *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985); *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983). In this case, however, we fail to see that the amended decree modified the open-ended bench division. In our view, the amended decree merely gives effect to Lien's assignment to wife. It simply clarifies how the accruing interest was to be distributed and is not a modification.[4]

Trial court's original decision was nebulous and inconclusive as to the actual method and amount of payment to each party. As previously noted, trial court's original decision left the parties to negotiate with

to the amount of the unpaid principal balance of the contract at the time of trial as the value of the marital property.

2. These calculations are not exact as there is an escrow fee which needs to be paid and some rounding of numbers for simplicity's sake.

3. Trial court specifically stated at the first hearing, when discussing the percentage split: "Realizing as the interest accrues, the parties are going to receive more than the dollar value discussed today."

4. Trial court stated at the July 24, 1991, hearing: Within the framework of the original decision, the split was a broad split as to all property by the parties. Naturally, upon Mr. Lien's assigning the debt to Lisa, it will increase the portion of the marital estate that she is receiving that was originally intended to be paid to Mr. Lien.

My original intent, as I announced in the decision, was to make Mr. Lien whole as to the 52,000 and not pay any attention to the other amounts that he'd mentioned had been provided Mr. Davis, but yet was nonspecific.

If Mr. Lien chooses to give that fifty-two to Lisa, that's between the two of them for whatever tax reasons are there. *Mr. Davis still is receiving what I originally intended in the decree, what the oral decision within a dollar or two necessitated by a change.* (Emphasis added.)

their attorneys and accountants to more specifically handle the payments. Prior to Lien's assignment, the debt to Lien was to be paid over five and one-half years. After the assignment of the Lien debt, the trial court merely factored the amount of the assigned debt into the payments to wife over the life of the contract. Trial court found that this did not reduce husband's property award. While wife's share changed due to Lien's assignment, husband's share is unchanged by the assignment and remains at 43.7% of the unpaid principal balance irregardless of interest. Accordingly, we conclude the trial court did not abuse its discretion when it clarified its original ruling to include interest, since the parties were obviously unable to work together or be creative as was offered by trial court in its original decision.

In light of our decision on the first issue, we deem it unnecessary to reach the second issue, finding it is now moot. Trial court is hereby affirmed.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.